FRANK G. HUGHES, *Plaintiff in Error*, v. PARKWAY HOTEL COMPANY, a corporation, *Defendant in Error*.

Division A.

Opinion filed June 6, 1931.

*Allen E. Walker* and *Harry E. King*, for Plaintiff in Error;

*Summerlin & Wimberly,* for Defendant in Error.

BUFORD, C.J.—In this case the writ of error is to a final judgment of the Circuit Court of Polk County in a distress for rent proceeding. The plaintiff in the court below filed an affidavit for distress warrant against Hughes. The affidavit alleged that Hughes "is justly indebted to said Parkway Hotel Company for rent on office occupied in Lake Region Hotel Building from the 1st day of September, 1926, to the 30th day of April, 1929, and that the rent for said period amounts to $4150.00 and there has been paid on said rent the sum of $950.00, which leaves a balance due thereon of $3200.00, and that said rent is due in lawful money of the United States."

The distress warrant alleged as follows:

"Whereas, W. M. Mabson, Vice-President of Parkway Hotel Company, a Florida Corporation, has this day made oath that on the 18th day of April, 1929, that one FRANK G. HUGHES was and still is indebted to it in the sum of FIVE HUNDRED ($500.00) Dollars for the rent and use of the following property, to-wit:

| | | |
|---|---|---|
| 2 wicker settees | Typewriters | Rugs |
| 8 wicker chairs | 2 Wicker tables | Draperies |
| 5 Mahogany flat top desks | Typewriter desk | |
| 5 mahogany chairs | 1 Mahogany library table | |

All above property located in a certain office building in the Lake Region Hotel Building, Winter Haven, Florida.

THEREFORE, you are hereby commanded to levy upon the property of the said Frank G. Hughes that may be liable for rent and collect the sum of FIVE HUNDRED ($500.00) DOLLARS together with interest and costs.

AND YOU ARE FURTHER COMMANDED TO SUMMON the said FRANK G. HUGHES to appear at the

office of the Clerk of the Circuit Court in and for said County, on the 27th day of April, A. D. 1929, to answer the complaint of Plaintiffs.

Herein fail not, or judgment will be given against you by default.

GIVEN under my hand and the seal of said Court, this the 19th day of April, A. D. 1929.''

The defendant did not appear and judgment was entered against him apparently on the distress affidavit alone for $3200.00.

Distress for rent is applicable only to enforce the collection of rent for real estate and, therefore, the court was without jurisdiction to issue a distress warrant for rent of personal property and, therefore, a distress warrant issued to enforce the collection of rent for personal property is without force or effect. The distress warrant in this case is upon its face a distress warrant to enforce the collection of rent for personal property and for that reason did not give the court jurisdiction of either the person of defendant or the subject-matter.

Had the distress warrant in this case shown that the distress was for rent for the use of real estate, the judgment against defendant would have been erroneous because the writ or warrant failed to allege the amount of rent due as was alleged in the affidavit. The affidavit alleged that rent was due in the sum of $3200.00. The warrant which the record shows was served on defendant shows that the claim for rent was only in the sum of $500.00 and the defendant, had the writ or warrant been otherwise valid, would have been entitled to rely upon the statement contained in the warrant as to the amount of the claim. The sheriff, in whose hands the warrant was placed for service, was not authorized to collect more than $500.00 with interest and costs.

On the showing made the court was not authorized to enter a default against the defendant for failure to appear, plead or answer within the time provided by law because no valid distress warrant had been served upon the defendant and, for the same reason, final judgment was erroneously entered.

Aside from this, the record indicates that no bond was filed as required by Section 3560 R. G. S., 5424 C. G. L., 1927. The filing of a bond is not shown by the transcript. The directions to the Clerk requires that certain papers be copied in full in the transcript and after such directions there follows:

"You will recite all other papers and proceedings and dates thereof, if any are on file in your office."

The certificate of the Clerk is to the effect that the transcript includes, "a true and correct recital and copy of all such papers and proccedings in said cause as appear upon the records and files in my office that have been directed to be included in said transcript by the written demands of the said parties." If this certificate be true, then no bond was filed and there was no authority for the issuing of a distress warrant of any sort.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.