McNULTY, Chief Judge.
Appellant, Midair, Inc., brings this interlocutory appeal from a supplemental order entered after final judgment in a distress proceeding. We affirm in part and reverse in part.
On February 1, 1974, appellant entered into a “storage agreement” with appellee airport authority whereby the latter would store six Constellation aircraft for an agreed daily charge. The agreement provided that it would be effective from November 2, 1973 through April 18, 1974. Under its terms appellant was to remove the aircraft from appellee’s premises by April 18, 1974, in default of which an additional agreed upon charge would become effective.
On June 21, 1974, appellee filed a complaint in the circuit court alleging breach of the agreement, asserting a landlord’s lien for arrearages to May 1, 1974 and seeking distress pursuant to § 83.11 et seq., F.S.1973. A distress warrant duly issued commanding the Sheriff of Highlands County to levy on the six aircraft and the aircraft were seized pursuant thereto by posting.
A hearing was set for July 2, 1974 but appellant failed to appear and a default was entered. On July 3, 1974, a final judgment was entered, filed and recorded in the amount of $6,070.00 plus an attorney’s fee and costs. On July 17, 1974, execution issued and the sheriff conducted a judicial sale of the aircraft on August 12, 1974.
Subsequently, the court entered the supplemental order under review confirming the sale and providing, among other things:
“That the Final Judgment herein dated July 3, 1974 be and hereby [sic] is amended in that . . . the Plaintiff is allowed the additional sum of One Thousand Two Hundred Dollars ($1,200.00) for rental of the premises from July 3, 1974 [final judgment] to August 12, 1974 [date of sale].”
Although this supplemental order was signed on August 13, 1974, it was not filed and recorded until September 12, 1974. Thereafter, appellant timely filed its notice of appeal.
Appellant essentially makes a two-pronged attack herein; but the first relates to matters resolved in the final judgment rendered on July 3, 1974 and is therefore unavailable to appellant for the reason that an appeal was not timely taken therefrom.
As to the second prong, which relates to the supplemental order from which timely appeal was taken, the only meritorious point made assails the afore-quoted *216 provision of that order which amended the amount of the final-judgment so as to include rental due between the date of that final judgment and the date of sale. Since the airport authority opted for distress proceedings pursuant to § 83.11, supra, its remedies are limited to the provisions thereof. With respect to a judgment in such a proceeding after default, as here, the law is clear that such judgment cannot exceed the amount of past-due rent as set forth in the distress warrant in the absence of service of further process on the defendant.[1] No such additional service was effected in this case.
In view whereof, so much of the supplemental order appealed from as amends the final judgment entered herein on July 3, 1973 so as to allow additional sums of rent due and owing to appellee should be, and the same is hereby, reversed and set aside. In all other respects said order should be, and it is hereby, affirmed.
GRIMES and SCHEB, JJ., concur.

. See Hughes v. Parkway Hotel Co. (1931), 101 Fla. 789, 135 So. 144.